UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMED SHEIKH MOHAMED,

      Movant,

                                           File No. 1:13-CV-335

v.

                                         HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA

      Respondent.

_____/

## **O P I N I O N**

This matter is before the Court on Movant Ahmed Sheik Mohamed's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 1, Mot. Vacate.) For the reasons that follow, Movant's § 2255 motion will be granted. Movant's motion for hearing and motion to supplement will be denied as moot.

## I.

On October 17, 2011, Movant pleaded guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and to food stamp fraud, in violation of 7 U.S.C. § 2024(b). (1:11-CR-144, Dkt. No. 64, Plea Agreement.) Movant's guilty plea was made pursuant to a plea agreement with the United States Attorney's Office. (*Id*.) On February 17, 2012, this Court conducted a sentencing hearing and sentenced Movant to 84 months imprisonment. (1:11-CR-144, Dkt. No. 105, Sentencing Tr.) The 84 month sentence was assessed in accordance with a five-level upward variance, which yielded a total offense level of 27 and a sentencing guidelines range of 70 to 87 months. (*Id*. at 66.) Movant appealed his

sentence, but the Sixth Circuit dismissed the appeal for want of prosecution. (1:11-CR-144, Dkt. No. 103, Order.) On March 27, 2013, Movant filed the present § 2255 motion. In addition to his § 2255 motion, Movant has filed a motion for hearing and a motion to supplement.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and

"actual prejudice"; (2) or "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

**III.**

Movant's three ineffective assistance of counsel claims allege that Counsel was ineffective for: (1) failing to prosecute his direct appeal; (2) incorrectly advising him of the sentence he would likely receive; and (3) failing to advocate effectively at sentencing. (Dkt. No. 2, Mem. in Supp. of Mot. Vacate, 18-21.)

Claims of ineffective assistance are analyzed under the two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that there is a reasonable probability that, but for the counsel's deficiency, the outcome of the proceedings would have been different. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. Unless the defendant makes both showings, it cannot be said that the "conviction resulted from a breakdown in the adversary

process that renders the result unreliable." *Strickland*, 466 U.S. at 694.

When evaluating the assistance of counsel, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Howard v. Bouchard*, 405 F.3d 459, 481 (6th Cir. 2005) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996)). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments . . . ." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim . . . would disserve the very goal of vigorous and effective advocacy." *Id.* at 754 (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). This high degree of discretion make trial counsel's decisions "particularly difficult to attack . . . ." *McQueen*, 99 F.3d at 1311 (citing *O'Hara v. Wigginton*, 24 F.3d 823, 828 (1994)).

Movant's first claim of ineffective assistance of counsel asserts that Counsel was ineffective on direct appeal. (Mem. in Supp. of Mot. Vacate 18.) Specifically, Movant contends that Counsel abandoned his appeal. *Id.* A review of the record reveals that Movant's assertion is true. Counsel filed a notice of appeal on February 21, 2012. (1:11-CR-144, Dkt. No. 102, Notice.) However, Counsel filed no supporting brief and took no further action on the appeal after filing notice. On March 29, 2012, the Sixth Circuit dismissed Movant's appeal for want of prosecution. (1:11-CR-144, Dkt. No. 103, Order.) After this Court issued

4

an order releasing information subject to the attorney client privilege, the government spoke with Counsel and learned that Counsel did not file an appellate brief because he believed that Movant had no strong arguments to advance on appeal. (Dkt. No. 14, Resp. 5.)

In *McClain v. Untied States*, No. 1:08-CV-116, 2009 WL 3837279 (W.D. Mich. Nov. 16, 2009) is on point. In *McClain*, this Court found that counsel rendered ineffective assistance when he filed notice of appeal but failed to file a brief in support. Noting that counsel is "responsible for the continued representation of the client on appeal until specifically relieved", *Id*. (citing Sixth Cir. Supp. Pro. R. 101(a)), this Court further elaborated that "[c]ounsel's failure to properly withdraw or file an appellate brief constituted ineffective assistance of counsel and resulted in the dismissal of Movant's direct appeal." *Id*. at *3.

Counsel in this case asserts that he did not file a brief because he believed any arguments raised on appeal would be frivolous. (Resp. 5.) However, a defense counsel who believes there are no non-frivolous issues to raise on appeal must follow the procedure set forth in *Anders v. State of California*, 386 U.S. 738, 744:

> [I]f counsel finds his case to be wholly frivolous, after conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [sic] the indigent and time allowed him to raise any points that he chooses; the court - not counsel - then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Id*.

Here, as in *McClain*, the record clearly shows that Counsel did not file an appellate brief or seek the necessary permission to withdraw from the case. Further, the record shows that Counsel did not follow any of the procedures enumerated in *Anders*. "[A]ppellate counsel's failure to meet the requirements of *Anders v. California* . . . is presumptively prejudicial and, therefore, need not be measured by the standards announced in *Strickland v. Washington*." *Allen v. United States*, 938 F.2d 664, 666 (6th Cir. 1991). "The fact that counsel considered Movant's appeal frivolous did not relieve counsel of his obligation to appropriately withdraw from the case." *McClain*, 2009 WL 3837279 at *3. As the government conceded (Resp. 1), Counsel provided Movant with ineffective assistance when he failed to seek the necessary permission to withdraw or file an appellate brief. Consequently, Movant's § 2255 motion will be granted. Movant may petition the Sixth Circuit for reinstatement of his appeal, and it is this Court's recommendation that such a petition be granted.

At this time it is not necessary to address Movant's second and third ineffective assistance of counsel claims. The Sixth Circuit has adopted "the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (internal citations omitted). Further, consideration upon direct appeal may render a collateral attack unnecessary. *Id*. (citing *United States v. Davis*, 604 F.2d 474, 484-485 (7th Cir. 1979)).

6

Consistent with these observations, it is this Court's belief that abstaining from a merit-based ruling on Movant's last two claims is in the best interest of judicial economy. *See McIver v. United States*, 307 F.3d 1327, 1332 n.2 (11th Cir. 2002). This decision will not prejudice Movant because his first claim is sufficient to grant his § 2255 motion.

## IV.

Also before the Court is Movant's motion for hearing (Dkt. No. 3) and motion to supplement (Dkt. No. 11). This Court has already concluded that it will grant Movant's § 2255 motion. An evidentiary hearing and supplemental materials intended to aid this Court in its decision are unnecessary as a result. Movant's motion for hearing and motion to supplement will be denied as moot.

## V.

Counsel was ineffective for failure to preserve Movant's appeal. Movant is entitled to relief under § 2255.

An order and judgment consistent with this opinion will be entered.


Dated: <u>August 20, 2013</u>                    /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE